IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN ZHEN PIN ZHENG DIGITAL ELECTRONIC TECHNOLOGY CO., LTD<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Civil Action No. 1:21-cv-01916<br><br>JURY TRIAL DEMANDED<br><br>Judge: John J. Tharp, Jr. |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S *EX PARTE* SECOND MOTION TO EXTEND THE TEMPORARY RESTRAINING ORDER

Plaintiff Shenzhen Zhen Pin Zheng Digital Electronic Technology Co., Ltd. ("Plaintiff") respectfully requests that this Court enter an order extending the Temporary Restraining Order ("TRO") (Dkt. No. 20) entered in this matter for a period of an additional fourteen (14) days, through and including June 2, 2021 for the remaining Defendants. This is Plaintiff's second request for an extension of the TRO. In support, Plaintiff would show as follows:

Federal Rule of Civil Procedure 65(b)(2) states that an *ex parte* temporary restraining order "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period" and that the "reasons for an extension must be entered into the record." FED. R. CIV. P. 65(b)(3). Plaintiff believes that sufficient good cause exists to extend the Temporary Restraining Order for an additional fourteen (14) days. As is shown in Plaintiff's *Ex Parte* Motion for Entry of a Temporary Restraining Order and Memorandum of Law in Support (Dkt. Nos. 12 and 13), in the absence of a restraining order, and more specifically

the asset freeze, it is highly likely that Defendants will simply move their ill-gotten funds to accounts and locations outside the reach of the powers of this Court and will continue to unlawfully offer counterfeit versions of Plaintiff's goods. Since the entry of the Temporary Restraining Order, Plaintiff and Plaintiff's counsel have worked diligently to comply with the terms of the order. Decl. of Stevenson Moore, ¶¶ 3-4, attached hereto as Exhibit A. Plaintiff has been in contact with the third parties who have provided the means by which Defendants accomplish their unlawful activities, including Amazon.com, Aliexpress.com, Wish.com, Alibaba.com, and eBay.com, and Paypal, Inc. *Id.* at ¶ 4.

Plaintiff has received the email addresses for service for the Amazon.com, Wish.com, and eBay.com Defendants and effected service upon those sets of Defendants. *Id.* at ¶ 5. Plaintiff has served those sets of Defendants and provided copies of the complaint, summons, and temporary restraining order to each of those sets of Defendants. Additionally, the platforms Amazon, Wish and eBay have taken the required steps to comply with the Court's temporary restraining order. *Id.* at ¶ 6.

However, Alibaba.com, has thrown up roadblocks to Plaintiff. Specifically, Plaintiff has been in communications with Alibaba.com and have provided them with all requested information sought by Alibaba.com, including in specific formats requested by them. *Id.* at ¶ 7. Furthermore, unlike the other platforms, Alibaba.com specifically required Plaintiff to wire the platform "a processing and administrative fee" for each Defendant store before complying with the Court's temporary restraining order. *Id.* at ¶ 7. However, even after paying this "processing and administrative fee" to Alibaba.com, Plaintiff has yet to receive the required discovery and email address for service to those sets of Defendants and Alibaba.com has not complied. *Id.* at ¶ 7

Once Plaintiff receives the required information from the Aliexpress.com and Alibaba.com, Plaintiff can begin the process of identifying and freezing those accounts within the control of third-party payment processors, including providing the Defendants' identifying information. *Id.* at ¶ 8. As such, Plaintiff and the third parties require more time to ensure compliance with this Court's Temporary Restraining Order. *Id.* at ¶ 7

As Plaintiff has yet to receive service address for ALL Defendants, Plaintiff respectfully requests that this Court extend the Temporary Restraining Order for an additional fourteen (14) days, through and including June 2, 2021. This extension would not apply to the two defendants whom Plaintiff have already moved to dismiss.

Dated this 16th day of May, 2021.  Respectfully submitted,

/s/ *Hao Ni*
Hao Ni
Texas Bar No.: 24047205
Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
972.331.4600
97.314.0900 (facsimile)
hni@nilawfirm.com

David Randolph Bennett
Direction IP Law
P.O. Box 14184
2620 N. Burling St.,
Chicago, IL 60614
(312)291-1667
Email: dbennett@directionip.com
*Counsel for Plaintiff Shenzhen Zhen Pin Zheng Digital Electronic Technology Co., Ltd*

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of May, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

*/s/ Hao Ni*
Hao Ni