IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SHENZHEN ZHEN PIN ZHENG DIGITAL ELECTRONIC TECHNOLOGY CO., LTD** <br><br> Plaintiff, <br><br> v. <br><br> **THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",** <br><br> Defendants. | Civil Action No. 1:21-cv-01916 <br><br> JURY TRIAL DEMANDED <br><br> Judge: John J. Tharp, Jr. |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION**

    Plaintiff Shenzhen Zhen Pin Zheng Digital Electronic Technology Co., Ltd. ("Plaintiff") submits this Memorandum of Law in support of its Motion for Entry of a Preliminary Injunction (the "PI Motion").

## I. INTRODUCTION

Plaintiff brings the present action against the Defendants listed in Schedule A for infringement of Plaintiff's patented design, U.S. Patent No. D866,998 (the "'998 Patent"). As alleged in Plaintiff's Complaint, Defendants are offering for sale and selling unauthorized and unlicensed products, namely the turtle designed inflatable play mats (the "Infringing Products") that infringe the '998 Patent. As of the date of the filing, a number of the Defendants have been dismissed from the case. Plaintiff respectfully moves to enter a preliminary injunction against the remaining Defendants.

## II. STATEMENT OF FACTS

On April 21, 2021, this Court granted Plaintiff's Motion for a Temporary Restraining Order (the "TRO"). Dkt. No. 20. The TRO authorized Plaintiff to provide notice of these proceedings and the preliminary injunction hearing to Defendants by sending an e-mail to the e-mail addresses provided for Defendants by third parties and including a link to a website where the Complaint, TRO, and other relevant documents are published for Defendants to download. The TRO has been extended to May 19, 2021. Dkt. No. 24. Pursuant to Paragraph 4 of the TRO, Plaintiff served copies of the Temporary Restraining Order via email to Amazon.com, Inc., eBay, Inc., Wish.com, Aliexpress.com, and Alibaba.com, Inc., and PayPal.com on April 21, 2021, to restrain accounts associated with Defendants' online marketplace stores. Declaration of Stevenson Moore at ¶ 3, attached hereto as Exhibit A. Plaintiff has served copies of the complaint, summons, and TRO on the Alibaba.com and Aliexpress.com Defendants by sending an email to Alibaba.com and Aliexpress.com and including a link to the website where the foregoing documents are published.

*Id.* at ¶ 6. Plaintiff has not yet received the required information from Aliexpress.com or Alibaba.com despite undertaking all steps required by these entities. *See id.* at ¶ 7.

Plaintiff respectfully requests that this Court convert the TRO to a preliminary injunction against the remaining Defendants, so that they remain enjoined from the importation, distribution, offering for sale, and sale of the Accused Products during the pendency of this litigation. As part of the Preliminary Injunction, Plaintiff requests that remaining Defendants' PayPal, Amazon, Wish, AliExpress, Alibaba, and any other financial or e-commerce accounts used to sell Infringing Products remain frozen until completion of these proceedings.

### III. ARGUMENT

#### A. A Preliminary Injunction Extending Relief Already Granted in the TRO is Appropriate

Since the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2) Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). By virtue of this Court's entry of the TRO, it has already found that the above requirements have been satisfied.

#### B. The Equitable Relief Sought Remains Appropriate

Section 283 of the Patent Act authorizes courts to issue injunctive relief "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

### 1. The Sale Restraint Order Remains Appropriate.

Plaintiff seeks a conversion of the TRO entered by this Court on April 21, 2021 and extended on May 3, 2021, allowing Plaintiff to enjoin remaining Defendants' sales and offers for sale of the Infringing Products. To prevent the remaining Defendants from further manufacture, importation, distribution, offering for sale, and sale of the Infringing Products and to provide notice to remaining Defendants regarding these proceedings, Plaintiff respectfully requests that the injunctive relief already awarded be extended through the pendency of this case. Indeed, although all of the remaining Defendants Infringing Products infringe the patent-in-suit, a number of the Infringing Products are exact counterfeits of Plaintiff's products make a restrain more necessary.

### 2. The Asset Retraining Order Remains Appropriate.

Plaintiff also request conversion of the TRO to a preliminary injunction so that remaining Defendants' accounts in U.S.-based financial institutions remain frozen. In the absence of a preliminary injunction, remaining Defendants may attempt to move any assets from any accounts in U.S.-based financial institutions to an offshore account and would then ignore the legal proceedings and any judgment. Therefore, remaining Defendants' assets should remain frozen for the remainder of the proceedings.

In addition, and as established in Plaintiff's TRO Memorandum, many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007); *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); *Reebok Int'l Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992).

As such, an order continuing to freeze the remaining Defendants' assets should be granted.

## IV.     CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court enter the preliminary injunction.

Dated this 18th day of May, 2021.          Respectfully submitted,

/s/ *Hao Ni*
David R. Bennett
Direction IP Law
P.O. Box 14184
Chicago, IL 60614-0184
Telephone: (312) 291-1667
e-mail: dbennett@directionip.com

*Of Counsel:*
Hao Ni
Texas Bar No. 24047205
hni@nilawfirm.com

**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900
*Counsel for Plaintiff Shen Zhen Pin Zheng Digital Electronic Technology Co., Ltd.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of May, 2021, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of 18th day of May, 2021, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

/s/ *Hao Ni*
Hao Ni

4