IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEN ZHEN PIN ZHENG DIGITAL ELECTRONIC TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendant. | No. 1:21-cv-01916 <br><br> Judge John J. Tharp, Jr. |

**ORDER**

For the reasons set forth in the Statement below, the plaintiff's motion for a preliminary injunction [46] is denied. The plaintiff is directed to submit an updated proposed order for default to the Court's proposed order inbox, reflecting the defendants who have been dismissed or are excluded based on their opposition to the preliminary injunction.

**STATEMENT**

The dispute in this case centers on a design patent for an inflatable turtle playmat. Plaintiff Shen Zhen Pin Zheng Digital Electronic Technology Company, Ltd. sued 154 online marketplace sellers under 35 U.S.C. § 271, alleging that their turtle playmats infringed on its patented design (U.S. Design Patent No. D833,998 (the '998 Patent)). On April 21, 2021, the Court granted the plaintiff's motion for an *ex parte* temporary restraining order, enjoining the defendants from selling the products, restraining their marketplace accounts, and freezing the funds connected to those accounts. [20]. The Court also granted the plaintiff's motion to file under seal as well as its motion for electronic service of process. [9][20]. The plaintiff's motion to extend the temporary restraining order was granted on May 3, 2021. [24]. The Court denied its second motion to extend the temporary restraining order, however, given that a temporary restraining order cannot be extended a second time absent consent. [42]. On May 18, 2021, the plaintiff moved for entry of a preliminary injunction, which Defendants VAZUSSK, Dongguan Sunshine Plastic Products Co., Ltd. ("Dongguan Sunshine"), Sunshine Mall, Infinno Direct, and Hitituto Direct have opposed. [46][85][86][87]. On June 23, 2021, the Court held a telephonic hearing on the preliminary injunction motion.

To obtain a preliminary injunction, a plaintiff must demonstrate that it has "(1) no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied and (2) some likelihood of success on the merits." *Ezell v. City of Chicago*, 651 F.3d 684, 694 (7th Cir. 2011).

"If the moving party cannot establish either of these prerequisites, a court's inquiry is over and the injunction must be denied." *Abbott Labs. v. Mead Johnson & Co.*, 971 F.2d 6, 11 (7th Cir. 1992). A preliminary injunction is an "extraordinary and drastic remedy" and will not be granted "unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

The defendants argue that the plaintiff has failed to meet either threshold requirement. To begin, the defendants assert that the plaintiff has failed to show a likelihood of success on the merits because the '998 Patent is invalid. They argue that their product is based on prior art—specifically, the Zhu Copyright, depicted below. Under 35 U.S.C. § 102(a), a patent is unavailable if the claimed invention was "patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention." A prior patent anticipates a claimed invention "if one of skill in the art would be able to combine the information in the prior patent with his own knowledge of the art to make the claimed invention." *Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 631 F. Supp. 2d 1010, 1025 (N.D. Ill. 2009). Put differently, anticipation "requires the presence in a single prior art disclosure of each and every element of a claimed invention." *Lewmar Marine, Inc. v. Barient, Inc.*, 827 F.2d 744, 747 (Fed. Cir. 1987).



*Figure 1: '998 Patent*



*Figure 2: Zhu Copyright*



*Figure 3: Defendants' Product*

The defendants argue that their design is identical to the design of the Zhu Copyright and that, per force, the Zhu Copyright constitutes prior art because the plaintiff has admitted that the defendants' design is nearly identical to the design claimed by the '998 Patent. Plaintiff disputes that the Zhu Copyright anticipates its patent because the Zhu Copyright features a simple two-dimensional image of the turtle, while the '998 Patent is an "ornamental design of a three-dimensional, turtle-shaped, inflatable mat for infants." Reply at 2, ECF No. 90. The Court does not agree with the plaintiff's premise, however; the item depicted in the Zhu Copyright appears to be a three-dimensional object, particularly given the depictions of light reflections from the object's surface. To be sure, the Zhu Copyright offers only one three-dimensional depiction versus the eight depictions set forth in the '998 Patent, but the plaintiff cites no authority for the proposition that the Zhu Copyright is inadequate to constitute prior art for that reason. Nor, for that

matter, does the plaintiff cite any authority for the proposition that a two-dimensional design cannot anticipate a three-dimensional design.

When given the opportunity to elaborate on the '998 Patent's ornamental design and its differences from the Zhu Copyright at the preliminary injunction hearing, the plaintiff failed to do so. Instead, in objecting to the prior art argument, the plaintiff steered the Court toward the respective publication dates of the designs. According to the Zhu Copyright's Chinese Registration Certificate, the Zhu Copyright design was first created on January 1, 2018, published on October 10, 2018, and registered on November 11, 2019. [85-1]. On the other side of the ledger, the plaintiff first publicly sold the design claimed by the '998 Patent on June 2, 2019 and filed its application for the '998 Patent on July 23, 2019. The plaintiff takes issue with the Zhu Copyright's creation and publication dates, arguing that they are self-reported by the registrant and unverified. In the plaintiff's telling, the Zhu Copyright post-dated the '998 Patent by several months and accordingly does not qualify as prior art.

The plaintiff's argument is unavailing. It misunderstands the degree of evidence required at the preliminary injunction stage. Due to the inherent speed and limited purpose of a temporary injunction, it is "customarily granted on the basis of procedures that are less formal and evidence that is less complete than in a trial on the merits." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Accordingly, defendants have no need to "prove up" their evidence at this stage and may cite evidence that would typically be inadmissible at trial, including affidavits. *See Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1171 (7th Cir. 1997) ("Affidavits are ordinarily inadmissible at trials but they are fully admissible in summary proceedings, including preliminary-injunction proceedings."). Here, the Registration Certificate and its translation are supported by the affidavit of Shunyao Luo, an attorney licensed to practice in China. [85-1]. Even more significant is the affidavit of Zhu Shang Ming, owner of the Zhu Copyright, who attests that the Zhu Copyright was first published in October 2018. [85-2 ¶ 2]. The plaintiff has not submitted any evidence contradicting the validity of the dates beyond its stated "suspicions" as to their accuracy. That is not enough to defeat the defendants' allegation that the Zhu Copyright constitutes "prior art" under 35 U.S.C. § 102(a). The plaintiff might be able to develop its evidence contradicting the relevant dates during discovery. But for now, the defendants' showing forecloses the plaintiff's ability to demonstrate a likelihood of success on the merits.

It should also be noted that the plaintiff bears the burden of proving infringement of a design patent by a preponderance of the evidence. *Ethicon Endo-Surgery, Inc. v. Covidien, Inc.*, 796 F.3d 1312, 1335 (Fed. Cir. 2015). The plaintiff pays this burden short shrift. Aside from stating generally that some of the defendants' products are identical to the claimed invention, while others have slight differences, the plaintiff's reply brief does not address the similarities between the accused design(s) and its patent in any detail. Nor did the plaintiff endeavor to explain the similarities between the its design and the allegedly infringing design(s) at the preliminary injunction hearing. The plaintiff's failure to sufficiently allege infringement reinforces that it has not shown a likelihood of success on the merits.[1]

---

[1] Because the plaintiff has not distinguished between the allegedly infringing designs, the Court's ruling denying a preliminary injunction extends to all defendants. The plaintiff has provided no basis to conclude that the allegedly infringing products differ materially, such that it

     Because the plaintiff has failed to establish a likelihood of success on the merits, the Court need not reach the question of irreparable harm. The plaintiff's motion for a preliminary injunction is denied.

Date: June 25, 2021

                                                John J. Tharp, Jr.
                                                United States District Judge

---

might prevail on the merits as to some defendants even if not as to all. If the plaintiff wants individualized determinations as to infringement, it will be required to present individualized evidence of infringement.